Submitted on the record March 30, ballot titles referred to Attorney General for modification August 2, ballot titles certified August 21, 2007 (343 Or 207)

Jerry CARUTHERS
& Larry Wolf,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S54529)

Jerry CARUTHERS
& Larry Wolf,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S54530)
(Consolidated for Opinion)

166 P3d 518

Margaret S. Olney, of Smith, Diamond & Olney, Portland, filed the petitions for petitioners.

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Gregory W. Byrne, Portland, filed a brief for *amicus curiae* Bill Sizemore.

PER CURIAM

## PER CURIAM

These ballot title review proceedings, brought under ORS 250.085(2) and consolidated here for purposes of opinion, concern the Attorney General's certified ballot titles for two initiative petitions, denominated by the Secretary of State as Initiative Petition 62 (2008) and Initiative Petition 63 (2008). Initiative Petition 62 is identical in all substantive respects to Initiative Petition 61 (2008), whose ballot title we have reviewed today, *Caruthers v. Myers (S54528)*, 343 Or 162, 166 P3d 514 (2007), except that the amounts of the various ad valorem property tax exemptions that Initiative Petition 62 provides for are less than the exemptions specified in Initiative Petition 61. Likewise, the Attorney General's certified ballot title for Initiative Petition 62 (2008) mirrors his ballot title for Initiative Petition 61, and the parties' various arguments are substantively identical. It should come as no surprise, therefore, that we reach the same conclusion that we reached in the other case. For the reasons stated in *Caruthers (S54528)*, we hold that the summary in the Attorney General's certified ballot title for Initiative Petition 62 (2008) fails to comply substantially with the legal requirements of ORS 250.035(2)(d). That ballot title is referred to the Attorney General for modification.

Initiative Petition 63 (2008) is almost identical to Initiative Petition 62 (2008), except that it contains an additional provision that directs the legislative assembly to provide

> "for senior citizens, who are renters and/or live in manufactured homes or mobile homes, tax relief equal to the relief they would have received under this section, if they had owned the property they live in."

Petitioners make two arguments respecting Initiative Petition 63 that they do not make respecting the other measures. Neither is well taken, and neither requires discussion. However, petitioners also make the same argument with respect to the summary in the Attorney General's certified ballot title for Initiative Petition 63 (2008) that was successful respecting the ballot title summaries for Initiative Petitions 61 and 62 (2008), and we find it to be equally well taken here. The

ballot titles must be referred to the Attorney General for modification. ORS 250.085(8).

Ballot titles referred to Attorney General for modification.